**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LEON PARKER, | : | Hon. Jerome B. Simandle |
|  | : |  |
| Plaintiff, | : | Civil No. 05-3040 (JBS) |
|  | : |  |
| v. | : |  |
|  | : |  |
| JUDGE RAND, et al., | : | **OPINION** |
|  | : |  |
| Defendants. | : |  |

**APPEARANCES:**

    LEON PARKER, Plaintiff <u>Pro</u> <u>Se</u>
    Camden County Correctional Facility
    P.O. Box 90431
    Camden, New Jersey  08102

**SIMANDLE**, District Judge

    Plaintiff Leon Parker, an inmate at Camden County Correctional Facility, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court (1) grants Plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Complaint; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from his institutional account and forward same to the Clerk when funds exist; and (5) directs the agency having custody of Plaintiff to forward payments from his institutional account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full.  <u>See</u> 28 U.S.C. §

1915. Having thoroughly reviewed Plaintiff's allegations, the Court finds that the Complaint, as written, fails to state a federal claim upon which relief may be granted. The Court grants Plaintiff 45 days leave to file an amended complaint. If an amended complaint is not filed within 45 days, then without further notice, the Court will enter an order dismissing the Complaint in its entirety for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A.

## I.   BACKGROUND

Plaintiff asserts violations of his constitutional rights against Judge Rand and Mark Wittman. His statement of claims is set forth below verbatim:

> Judge Rand for violating my civil rights due process of the law. Mark Wittman for putting a warrant out on me and locking me up without due process of law.

(Compl. ¶ 6.)

## II.   LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua

sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable

3

>           to the party injured in an action at law,
>           suit in equity, or other proper proceeding
>           for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff's damage claim against Judge Rand fails as a matter of law because Judge Rand is absolutely immune from suit under 42 U.S.C. § 1983 for money damages.  "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)).  Because the alleged wrongdoing by Judge Rand appears to consist of judicial acts which are absolutely protected from suit for damages under § 1983, the damage claim against Judge Rand is subject to dismissal under 28 U.S.C. § 1915A(b)(2).

Plaintiff also sues Mark Wittman on the ground that he "put a warrant out for me to be arrested without the proper due

process." (Compl. 4.c.)  It is unclear to the Court who Mark Wittman is because the section of the Complaint for identifying his position and place of employment is illegible.

The Court construes Plaintiff's Complaint as attempting to assert a Fourth Amendment false arrest claim under § 1983.  The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause.  Albright v. Oliver, 510 U.S. 266, 274-75 (1994); Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).  The Fourth Amendment provides in relevant part:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause."  U.S. Const. amend IV. As the Court of Appeals for the Third Circuit observed:

> Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it--whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.

United States v. Kithcart, 134 F.3d 529, 531 (3d Cir. 1998) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)); see also Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996)("To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances

5

within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested").

In this case, the facts set forth in the Complaint do not support an inference that Plaintiff was arrested without probable cause.  However, the Court is mindful that a district court may not dismiss a pro se complaint without either granting leave to amend or concluding that any amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 116 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Shane, 213 F.3d at 115.  In this case, Plaintiff's allegations do not foreclose the possibility that police arrested him without probable cause.  The Court will therefore grant Plaintiff 45 days from the date of the entry of the Order accompanying this Opinion to file an amended complaint.[1]  If an amended complaint is not

---

[1] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]. 6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

filed, then the Court will dismiss the action upon the expiration of the 45-day period without further notice.

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint in forma pauperis and grants Plaintiff 45 days leave to file an amended complaint. If no amended complaint is filed within 45 days of the date of the entry of the Order accompanying this Opinion, then the Court will enter an order dismissing the Complaint without further notice.

**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:     **August 4**   , **2005**